UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED

OCT 2 3 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

MICHAEL ANTHONY ERIC DRAVEN,

        Petitioner,

v.                        CIVIL ACTION NO. 4:12cv117
                            [ORIGINAL CRIMINAL NO. 4:08cr16]

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion") and Memorandum in Support of the Petitioner, Michael Anthony Eric Draven ("Draven").[1] The United States responded in opposition to the Motion. For the reasons set forth below, the court **DENIES** the Petitioner's Motion.[2]

### I. Background

On February 13, 2008, a federal grand jury in the Eastern District of Virginia indicted Draven on five counts. The Indictment charged Draven with: conspiracy to commit murder for

---

[1] Because Draven is a pro se petitioner, the court liberally construes the Motion. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

[2] The Motion, files, and records of the case conclusively show that the Petitioner is entitled to no relief. Accordingly, the court will not hold an evidentiary hearing as to those claims. See 28 U.S.C. § 2255; United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964).

hire (Count 1); carjacking resulting in death (Count 2); bank robbery resulting in death (Count 3); conspiracy to commit robbery affecting commerce (Count 4); and murder with a firearm in relation to a crime of violence (Count 5).

Draven proceeded to a jury trial, which began on June 30, 2009, and lasted twelve days. At trial, Draven was represented by James S. Ellenson and Timothy G. Clancy. On the motion of the defense, the court dismissed Count 3 of the Indictment. The jury found Draven guilty as to Counts 1, 2, and 5. This court sentenced Draven on November 17, 2009, at which he was again represented by Ellenson and Clancy. The court sentenced Draven to a term of life imprisonment on each of Counts 1, 2, and 5, all to be served concurrently.

On November 19, 2009, Draven filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. On appeal, Draven was represented by Ellenson. In the appeal, Draven argued that the evidence was insufficient to support his convictions. On March 18, 2011, the Fourth Circuit affirmed the judgment of this court.[3] On April 11, 2011, Draven filed a second notice of appeal and request for new counsel, pro se,

---

[3] The Fourth Circuit found "there was more than substantial evidence to show that Draven participated as a co-conspirator in a murder-for-hire scheme to have Cory Voss murdered." United States v. Draven, 417 F. App'x 362, 364 (4th Cir. 2011).

which the Fourth Circuit denied on June 22, 2011, with the final judgment taking effect on July 14, 2011.

Draven filed the instant <u>pro</u> <u>se</u> petition for post-conviction relief on July 19, 2012.[4] On July 20, 2012, the court entered an Order directing the United States to respond. The United States responded on September 17, 2012, and Draven filed his Memorandum in Support on October 3, 2012.[5] The matter is now ripe for review. Draven asks the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, stating ten grounds in support thereof, each of which the court considers in turn.

## II.  Standard

A prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A sentence is "otherwise subject

---

[4] Draven originally placed his Motion in the prison mailing system on July 13, 2012, so his filing relates back to that date, and is, therefore, timely. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988) ("mailbox rule").

[5] Although the bulk of Draven's argument appears in his Memorandum in Support, which was filed after the government's response to the Motion, Draven is clearly entitled to no relief; the court does not find supplemental briefing by the United States to be necessary.

to collateral attack" where the petitioner shows that his sentence was affected by "a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In challenging his sentence, the prisoner bears the burden of proving one of the aforementioned grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). If he satisfies that burden, the court may vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(b). However, if the petitioner's motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court should summarily deny the motion. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988), abrogated on other grounds by Padilla v. Kentucky, 130 S. Ct. 1473 (2010).

### III. Analysis

#### Ground One: Ineffective Assistance of Counsel as to Impeachment of Edward Fodrey

Draven alleges that his trial counsel failed to impeach or attempt to impeach Edward Fodrey, who testified as a government witness. Mem. Supp. at 14-18. (ECF No. 375.) To prove ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that 1) the attorney's performance was deficient, and 2) the attorney's deficient performance

4

prejudiced the petitioner by undermining the reliability of the judgment against him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To show deficient performance, counsel's actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savion v. Murray, 82 F.3d 593, 599 (4th Cir. 1996); see also Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). The court must attempt to "eliminate the distorting effects of hindsight," and instead "indulge a strong presumption that counsel's challenged conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In doing so, he must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Because a petitioner must satisfy both prongs of the test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. Strickland, 466 U.S. at 700.

Draven asserts that his attorneys, Ellenson and Clancy, provided ineffective assistance by failing to impeach Fodrey. Mot. at 5. (ECF No. 370.) Specifically, Draven alleges that his attorneys erred in failing to request that the May 28, 2009, letter from Fodrey to Draven be admitted into evidence and for not questioning Fodrey more rigorously as to his relationship with Draven in light of an alleged scheme whereby would-be informants look out for high profile cases in which they might act as witnesses. Mem. Supp. at 18. (ECF No. 375.)

Draven, however, fails to make the requisite showing that the strategy employed by his trial counsel was in any way deficient. At trial, Clancy cross-examined Fodrey and asked him to read Fodrey's statement that he believed "it was Cat's doing" in the May 28, 2009, letter. Trial Tr. at 1243, July 13, 2009. (ECF No. 333.) The court does not discern any reason admitting the letter--in addition to having its relevant contents read into evidence--would have been a more effective strategy, as Draven suggests; the strategy his attorneys employed certainly cannot be said to be a departure from an objectively reasonable attorney standard. Likewise, Draven has failed to present anything beyond mere speculation and proffer to support his claim that Clancy's cross-examination, which omitted mention of the alleged informant scheme, was otherwise deficient. Since Draven fails to make a showing that his attorneys' performance

6

was deficient, he fails on the first prong of his ineffective assistance claim. Nor has Draven shown that his attorneys' strategy resulted in prejudice. Both failures independently preclude relief. See Strickland, 466 U.S. at 700.

## Ground Two: Ineffective Assistance of Counsel
## as to Impeachment of Randall Fitchett and Nicole King

Draven alleges that his counsel failed to impeach or attempt to impeach Randall Fitchett and Nicole King, who testified as government witnesses. Mem. Supp. at 19-22. (ECF No. 375.) Fitchett was cross-examined by Ellenson, and King was cross-examined by Clancy. See Trial Tr. at 758-65, 811-23, July 8, 2009. (ECF No. 331.) Draven argues that his counsel failed to adequately investigate and cross-examine these witnesses, contending that Fitchett, rather than Draven, was involved with Catherina Voss in the instant crimes and that King had knowledge of such involvement. See Mem. Supp. at 17-22. (ECF No. 375.) Draven attaches, as evidence, an application for a pen register and accompanying order that lists Fitchett as a suspect. Id. at 20-1 to -13. Draven's unsupported speculation is not enough to show any deficiency on the part of his counsel; the application and order show only that at one point Fitchett was suspected along with Draven. His counsel engaged in rigorous cross-examination of both witnesses, and the court detects no deficiency whatsoever. Since Draven fails to make a

showing that his attorneys' performance was deficient, he fails on the first prong of his ineffective assistance claim. This failure alone precludes relief. See Strickland, 466 U.S. at 700.

### Ground Three: Ineffective Assistance as to Investigations

In this omnibus claim, Draven asserts that his attorneys were ineffective for failing to investigate a multitude of witnesses and alternative explanations to government evidence. Mem. Supp. at 23-58. (ECF No. 375.) This claim can roughly be broken into three allegations of deficiency: a) that his counsel did not fully investigate alternatives to the government's theory on its evidence, b) that his counsel neither interviewed nor called several witnesses, and c) that his counsel failed to investigate evidence in the government's possession. Id.

Counsel's failure to investigate potential defenses can, in certain circumstances, amount to ineffective assistance. Wiggins v. Smith, 539 U.S. 510, 521 (2003). However, Strickland does not require counsel to investigate every conceivable line of mitigating evidence, and "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 521-22 (quoting Strickland, 466 U.S. at 690-91); see also Buckner v. Polk, 453 F.3d 195, 201 (4th Cir. 2006) (noting that counsel's conduct is generally

8

presumed to be a reasonable strategic choice). The Fourth Circuit has held that "an allegation of inadequate investigation [of witnesses] does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (affirming a district court's decision to deny a petition under 28 U.S.C. § 2254 without a hearing). "Where the only evidence of a missing witness's testimony is from the defendant, [courts should view] claims of ineffective assistance with great caution." Sayre v. Anderson, 238 F.3d 631, 636 (5th Cir. 2001). Although "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998) (quoting Gray v. Lucas, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982)). Further, under Strickland, the decision of whether to call a witness at trial is one of trial strategy which is presumed to have been "sound." See Strickland, 466 U.S. at 689.

### a. Alternative Theories

Draven argues that his counsel was ineffective for failing to explore Catherina Voss's relationships with other potential perpetrators, to argue that Draven had pictures of Cory Voss due

9

to a photo-editing job he was performing for the family, and to argue that Draven's borrowing money from Catherina Voss was not evidence of an intimate relationship. Mem. Supp. at 26-31. (ECF No. 375.) The decision not to pursue these tactics implicates only trial strategy and is presumed "sound." Strickland, 466 U.S. at 689. Draven's speculative proffers are not sufficient to rebut this assumption. His speculation that others may have been involved, along with his attempt to contextualize a small fraction of the overwhelming evidence against him, is simply insufficient to make out a claim that his attorneys were in any way deficient.

### b.   Witnesses and Character Evidence

Draven further argues that his counsel were ineffective for failing to investigate and call several character and other witnesses, including Catherina Voss, who benefitted from the payment Catherina Voss received after Cory Voss's death. Mem. Supp. at 31-56. (ECF No. 375.)

Draven argues that his attorney should have investigated and called as witnesses others who allegedly benefitted from Catherina Voss's receipt of $100,000 after Cory Voss's death, including Andy Hill, Kelly Baker, Ashley Holland, and Rose Wiggins (Catherina Voss's mother). Mem. Supp. at 31-2. (ECF No. 375.) It is not clear what significance such testimony or investigation would have had. Draven's mere proffers--he has

10

provided no evidence or affidavits in this regard--are plainly insufficient to show a deficiency on the part of trial counsel. See Sayre, 238 F.3d at 636 (viewing with "great caution" an ineffective assistance claim where no affidavits from potential witnesses were provided). Indeed, two witnesses Draven would have had his attorneys examine--Ashley Holland and Rose Wiggins --were called by the government and, in fact, cross-examined by Ellenson. Trial Tr. at 475-504, July 7, 2009; Trial Tr. at 257-67, July 6, 2009. (ECF Nos. 331 & 330.)

Next, Draven asserts that his attorneys should have interviewed and called Catherina Voss and that, in so doing, it would have become apparent that Draven's and Voss's relationship was nothing more than a "fling" and that he was not involved in the murder for hire conspiracy. Mem. Supp. at 31-2. (ECF No. 375.) This unsupported contention is undermined by the great weight of the evidence adduced at trial. Not only did several witnesses testify to Draven's relationship with Cahterina Voss, but Draven's suggestion would have forced his attorney to call Catherina Voss to contradict her entire sworn Statement of Facts; not doing so cannot be said to be deficient. Rather, it was a reasonable trial strategy.

Draven also contends that his attorneys should have called several character witnesses and should have introduced various other character evidence about, for example, his small business

11

and artwork.[6] Mem. Supp. at 39-49, 56-58. (ECF No. 375.) An attorney is not obligated to investigate every witness mentioned by the defendant. See Huffington, 140 F.3d at 580. Even if Draven is correct that his attorneys did not investigate the character witnesses Draven now claims to have suggested, it is not clear what their testimony would have added to Draven's case. And, of course, they would have been subject to cross-examination. Assuming Draven's counsel did not investigate these possible character witnesses--who were in no way crucial, even as described in Draven's Memorandum in Support--such a decision was a matter of trial strategy, and Draven's proffer, without any affidavits from those individuals, is not sufficient to overcome the presumption of soundness afforded to attorneys' decisions. See Huffington, 140 F.3d at 580.

### c. Evidence on Government Possession

Draven argues that his attorneys were ineffective in that they failed to investigate why Assistant United States Attorney Blair Perez was allegedly removed from the case, inquire as to why ATF Agent Liscinsky was allegedly removed from the case, call agents who handled evidence, and request discovery,

---

[6] The potential character witnesses include Margaret Hayes, employees at the Daily Press, Jessica [last name unknown], Kelly Kinkaw, Tifanie Caldwell, Andrada Dinescu, Juanita Harper (Draven's mother), Richard Harper (Draven's stepfather), Chanita Dolly, and Steven Clements. Mem. Supp. at 31-56. (ECF No. 375.)

12

including Brady and Jencks material. Mem. Supp. at 48-58. (ECF No. 375.) Draven does not, however, explain what significance any of these interviews or inquiries would have had. The court discerns no import whatsoever to Perez's and Liscinky's removal from the case. Nor does the court detect anything beyond routine, reasonable trial strategy decisions in his counsel's decisions regarding chain of evidence and Brady and Jencks material. His counsel's chosen strategy was neither deficient nor prejudicial.

Therefore, as to Ground Three, Draven has failed to make a showing that his attorneys' performance was deficient or prejudicial and this ineffective assistance claim fails. See Strickland, 466 U.S. at 700.

### Ground Four: Ineffective Assistance as to Suppression of Evidence

Draven contends that his attorneys were ineffective in not moving to suppress several wiretaps, emails, text messages, Myspace messages, and photographs. Mem. Supp. at 59-62. (ECF No. 375.) It is not clear on what basis, however, Draven believes his counsel could have moved to suppress the allegedly offending evidence; he merely states that it should have been suppressed or better explained by counsel. Draven has provided no plausible argument as to why this evidence should have been excluded, and, after a review of the record, the court detects

13

none. Counsel is not per se ineffective for failing merely to file a motion allowed by the Rules of Criminal Procedure where there exists no good faith basis for filing. See United States v. Tart, 877 F.2d 61 (4th Cir. 1989) ("Simply filing a motion because it is permitted under the rules, without regard to its merits, is a waste of already overtaxed court resources and does a disservice to the defendant."). Here, because Draven has not shown any basis for filing a suppression motion, he has not shown his attorneys to be deficient. Since Draven fails to make a showing that his attorneys' performance was deficient, he fails on the first prong of this ineffective assistance claim. This failure precludes relief. See Strickland, 466 U.S. at 700.

**Ground Five: Ineffective Assistance as to Mitigating Evidence**

Draven argues that his counsel failed to call expert witnesses to contest the data obtained by the government through various electronic sources, such as mobile phone data, email, and text messaging. Mem. Supp. at 63-65. (ECF No. 375.) Draven also contends that his counsel should have sought expert analysis of the money order the government alleged Draven to have sent under Fitchett's name. Id. at 63-64. Here, once again, Draven does not proffer what would be shown by any such expert evidence. Presumably Draven believes an expert could somehow undermine the government's evidence, but the court will not engage in speculation as to how. Draven's argument is no

more than a generalized assertion that his counsel should have sought expert witnesses. Without specificity as to what facts or opinions an expert would have offered, the court cannot find Draven's counsel to have been deficient. Moreover, even if an expert would have made the argument Draven hypothesizes--such as, for example, contending that Draven did not send the money order--there has been no showing that the omission of such testimony would create more than a mere possibility of prejudice, especially in light of the volume of evidence introduced against Draven at trial. A defendant must show that any errors of counsel worked to his actual and substantial disadvantage, not that they created a mere possibility of prejudice. See Satcher, 126 F.3d at 572. Since Draven fails to make a showing of either deficiency or prejudice, he fails on this ineffective assistance claim. See Strickland, 466 U.S. at 700.

**Ground Six: Ineffective Assistance as to Opening Statement[7]**

Draven argues that Ellenson's opening statement to the jury prejudiced Draven when Ellenson conceded that Draven had discussed "bumping off" Cory Voss. Mem. Supp. at 66-67. (ECF No. 375.) In his opening statement, Ellenson said:

---

[7] The claims raised in Grounds Six and Seven in Draven's Motion are flipped in his Memorandum in Support. Compare Mot. at 12, with Mem. Supp. at 66-70. (ECF Nos. 370 & 375.) The court adopts the numbering system in Draven's Memorandum in Support.

> Beginning of 2007, yes, Cat and Draven do talk about bumping off Cory. There are discussions about it. The question that you are going to have at the end of this case, is that going to be enough to convict?

Trial Tr. at 244, July 2, 2009. (ECF No. 328.) Draven suggests this concession was not a reasonable tactical decision and led the jury to conclude immediately that he was guilty. Mem. Supp. at 67. (ECF No. 375.) "Judicial scrutiny of counsel's performance must be highly deferential," and a "court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. It is apparent that Ellenson attempted to blunt the effect of the government's evidence by anticipating it in his opening statement, a strategy the court cannot say is outside the "wide range of reasonable professional assistance." See id. Therefore, Draven fails to make a showing that Ellenson's performance was deficient and so fails on the first prong of his ineffective assistance claim. This failure precludes relief. See Strickland, 466 U.S. at 700.

**Ground Seven: Ineffective Assistance as to Withholding Evidence[8]**

Draven next asserts that his counsel were ineffective for failing to turn over his case file to Draven. Mem. Supp. at 68-69. (ECF No. 375.) Ellenson, against whom this claim appears to be primarily directed, also represented Draven on appeal.

---

[8] See supra note 7.

16

Mere speculation that some undisclosed unidentified document would support a post-conviction claim is not sufficient to show prejudice where an attorney declines to turn over a petitioner's case file. See Johnson v. United States, 3:07cv46-R, 2010 WL 1252674, at *6 (W.D.N.C. Mar. 23, 2010) appeal dismissed, 402 F. App'x 790 (4th Cir. 2010). Inasmuch as Draven also claims ineffective assistance at the trial or appellate stage, he has not shown that his counsel's nondisclosure of documents--which Draven acknowledges his counsel believed would prevent other inmates from learning the details of his case--resulted in any prejudice whatsoever. Draven's mere speculation does not amount to the requisite showing necessary to sustain an ineffective assistance claim. Since Draven fails to show either deficiency or prejudice, he fails on this ineffective assistance claim. See Strickland, 466 U.S. at 700.

**Ground Eight: Ineffective Assistance of Appellate Counsel**

Draven argues that Ellenson was ineffective for failing to raise certain issues on appeal and for withdrawing after Draven's appeal was denied without first seeking en banc review. Mem. Supp. at 68-69. (ECF No. 375.) Draven's argument that his counsel should have raised other issues is not persuasive; counsel is not required to present all issues that may have merit. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir.2000) (en banc). Only if the ignored issues are clearly stronger than

those raised on appeal may the presumption against ineffective assistance be overcome. See Lawrence v. Branker, 517 F.3d 700, 709 (4th Cir. 2008) (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). Here, Ellenson elected to challenge the sufficiency of the evidence adduced at trial, and the court does not find any of the inchoate arguments Draven suggests to be clearly stronger.

Draven's contention that Ellenson was ineffective for withdrawing without seeking en banc review is similarly meritless. The right to counsel does not attach to discretionary appeals, and there is thus no cognizable claim to ineffective assistance of counsel for refusing to request en banc review. See Aylor v. United States, CIV. PJM 10-1469, 2011 WL 2118694, at *6 (D. Md. May 27, 2011) (citing Ross v. Moffitt, 417 U.S. 600, 614-15 (1974)). Since Draven fails to make a showing of deficiency, he fails on this ineffective assistance claim. See Strickland, 466 U.S. at 700.

### Ground Nine: Ineffective Assistance of Counsel as to Jury Instructions[9]

Draven argues next that his counsel should have proposed jury instructions that would have "distinguished" Draven's co-

---

[9] The claims raised in Grounds Nine and Ten in Draven's Motion are flipped in his Memorandum in Support. Compare Mot. at 12, with Mem. Supp. at 78-83. (ECF Nos. 370 & 375.) The court adopts the numbering system in Draven's Memorandum in Support.

defendant, David Anthony Runyon.  Mem. Supp. at 78.  (ECF No. 375.)  On June 23, 2009, Draven's attorneys submitted notice that they were in agreement with the twenty-six jury instructions proposed by Runyon.  Proposed Jury Instructions at 1. (ECF Nos. 225 & 226.)  Draven has made no showing that his attorneys' performance was deficient by not requesting different instructions.  Here, there is nothing to suggest an objectively reasonable attorney would request anything other than the instructions submitted by Runyon.  It is not clear to the court how counsel could have "distinguished" Draven from Runyon by way of jury instructions, and Draven has not offered any suggestion. Therefore, since Draven fails to make a showing of either deficiency or prejudice, he fails on this ineffective assistance claim.  See Strickland, 466 U.S. at 700.

**Ground Ten: Withholding of Information by the Prosecution**[10]

Draven's final contention is that the government wrongfully failed to disclose that ATF Agent Posey was under investigation, which created a conflict of interest.  Mem. Supp. at 79-83. (ECF No. 375.)  Draven could have made this argument on direct appeal.  Because he failed to do so, it is procedurally defaulted.  See Bousley v. United States, 523 U.S. 614, 622 (1998).  Since this claim is procedurally defaulted, he can only

---

[10] See supra note 9.

19

raise it on collateral review if he "can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" Id. (citations omitted). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citations omitted).

Nowhere in his Motion or Memorandum in Support does Draven argue cause, prejudice, or actual innocence. Even if he did, he could not demonstrate that the procedural default should be excused. The court finds nothing in the record to suggest there were any "external impediments" that prevented him from raising this challenge on appeal.[11] See Mikalajunas, 186 F.3d at 493. Accordingly, Draven is unable to establish cause for his procedural default. Since Draven cannot prove cause, he can only succeed if he can demonstrate actual innocence by "clear and convincing evidence." Mikalajunas, 186 F.3d at 493. In order to do so, Draven must offer some basis to find "actual factual innocence of the offense of conviction." Id. at 494. Draven offers neither argument nor evidence to show actual

---

[11] Draven briefly suggests his counsel were ineffective in failing to raise this argument at trial or on appeal. Mem. Supp. at 83. (ECF No. 375.) The court discerns neither deficiency nor prejudice in failing to raise this dubious claim.

20

innocence. These claims, therefore, are procedurally defaulted and must fail.

## IV. CONCLUSION

The Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**.

Petitioner is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, 2400 West Avenue, Newport News, Virginia, 23607. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Memorandum Opinion and Final Order. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Final Order to the Petitioner; to Timothy Clancy, the Petitioner's trial counsel; to James Ellenson, the Petitioner's trial and appellate counsel; and to the United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

Newport News, Virginia

October 23, 2012